IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARJORIE LAMB as next friend of )
A.B. and J.B. and R.B; and MARJORIE LAMB )
as Administratrix of the Estate of THOMAS )
BURNS, )
        Plaintiffs, )
 )
v. )    Civil Action No.
 )
STANLEY TAYLOR; CORRECTIONAL )    JURY TRIAL DEMANDED
MEDICAL SERVICES; CERTAIN UNKNOWN )
INDIVIDUAL EMPLOYEES OF THE STATE OF )
DELAWARE DEPARTMENT OF )
CORRECTION; RAPHAEL WILLIAMS; )
CERTAIN UNKNOWN INDIVIDUAL )
EMPLOYEES OF CORRECTIONAL MEDICAL )
SERVICES; and STATE OF DELAWARE )
DEPARTMENT OF CORRECTION, )
 )
        Defendants. )

## COMPLAINT

### PARTIES

1. Plaintiff Marjorie Lamb is a resident of Landenberg, Pennsylvania, and was the former wife of decedent Thomas J. Burns (who is hereinafter sometimes referred to as "Mr. Burns") at the time of the death of Mr. Burns.

2. Plaintiff Marjorie Lamb is the mother and next friend of her minor son A.B. (date of birth 1993) and her minor daughter J.B. (date of birth 1997), and her minor son R.B. (date of birth 1997), all of whom are the children of decedent Thomas J. Burns.

3. Plaintiff Marjorie Lamb as Administratrix of the Estate of Thomas J. Burns has been appointed Administratrix of the Estate of Thomas J. Burns by the New Castle County Register of Wills.

4. Defendant Stanley Taylor was the Commissioner of Correction for the State of Delaware at relevant times hereto, and in that capacity was the Chief Officer of the Department of Correction (the department will hereinafter sometimes be referred to as the "DOC").

5. Defendant Raphael Williams was at all times relevant hereto the Warden of the Howard R. Young Correctional Institution (which was formerly often referred to as "Gander Hill," and which will hereinafter be referred to as "HRYCI").

6. Defendants, unknown individual employees of the DOC, were, on information and belief, involved in the care and custody of Thomas J. Burns, either directly or indirectly by virtue of their obligations to properly administer such care and custody, at relevant times hereto.

7. Defendant, State of Delaware Department of Correction, is a subdivision of the State of Delaware.

8. Defendant, Correctional Medical Services (hereinafter sometimes referred to as "CMS"), is, on information and belief, a corporation responsible, at all times relevant hereto, for the performance of medical services within HRYCI pursuant to a contract with the State of Delaware.

9. Defendants, unknown individual employees of CMS, were, on information and belief, involved in the care and custody of, either directly or indirectly by virtue of their obligations to properly administer such care and custody, at relevant times hereto.

## JURISDICTION

10. The United States District Court for the District of Delaware has jurisdiction over the parties and the claims by virtue of the pendency of a federal claim under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343, and under the principles of ancillary and pendent jurisdiction as well as the supplemental jurisdiction provisions of 28 U.S.C. § 1367.

## FACTS

11. Decedent Thomas J. Burns graduated from Delaware Law School of Widener University in 1983, but on information and belief, he never took the Delaware (or any other) bar exam.

12. Plaintiff Marjorie Lamb was married to decedent Thomas J. Burns on March 19, 1993, and was divorced from Mr. Burns on July 6, 2000.

13. During the marriage of Marjorie Lamb and Thomas J. Burns, Mr. Burns demonstrated behavior that indicated that he suffered from mental illness, and this behavior led directly to their divorce.

14. Beginning shortly before the divorce became final and continuing thereafter, Mr. Burns initiated multiple lawsuits against Ms. Lamb, Ms. Lamb's business, Ms. Lamb's relatives, and others; these lawsuits raised false allegations against the defendants, and indicated the existence in Mr. Burns of an irrational and troubled mindset.

15. The irrational and troubled mindset of Mr. Burns also manifested itself in behavior that was disturbing and threatening to Ms. Lamb and others.

16. As a result of Mr. Burns' irrational and threatening conduct, Ms. Lamb sought assistance from the Family Court of the State of Delaware and others.

17. In an apparent attempt to discredit the actions of the Family Court relating to his divorce from Ms. Lamb and subsequent matters, Mr. Burns forged documents suggesting that a Family Court judge presiding in the divorce action had been improperly influenced as a result of business dealings between the judge and Ms. Lamb; no such business dealings had ever occurred, however, and the suggestion that they had occurred was solely the product of Mr. Burns' troubled mind.

18. Mr. Burns was prosecuted and convicted by the State of Delaware for forging documents relating to the Family Court judge.

19. After his conviction, when he failed to appear in court for sentencing, Mr. Burns became subject to a warrant for his arrest.

20. On information and belief, at some point in or near the time of his conviction, Mr. Burns submitted a document to the Department of Justice entitled "Stay of Death Sentence" or words to that effect; again, this document had no relevance to his legal situation, but appears to have been an indication of his troubled mind.

21. In apparent awareness that he was about to be arrested, Mr. Burns attempted suicide with pills and alcohol in late May of 2006, and was taken to Christiana Hospital.

22. The police became aware of his presence in Christiana Hospital, and upon his release from the hospital he was taken into custody and housed at HRYCI.

23. On information and belief, Mr. Burns was initially placed on suicide watch at HRYCI.

24. Officials of the Department of Correction, including Defendants Stanley Taylor, and Raphael Williams were placed on notice that Mr. Burns was at great risk for suicide by local

mental health advocates, including Patricia McDowell of the National Alliance of the Mentally Ill.

25. On information and belief, CMS personnel were aware of Mr. Burns' psychiatric problems and of the risk of his suicide.

26. On information and belief, despite the risk of suicide, Mr. Burns was removed from the suicide watch on which he had been placed by a CMS counselor, and was placed on a less restrictive watch, and was provided with, among other things, bed sheets.

27. Shortly before 5:00 a.m. on May 30, 2006, Mr. Burns was found in his cell at HRYCI, having hanged himself with a bed sheet.

28. Mr. Burns was pronounced dead on May 30, 2006.

## COUNT I

### VIOLATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW, 42 U.S.C. § 1983 – CRUEL AND UNUSUAL PUNISHMENT (BY MARJORIE LAMB AS ADMINISTRATRIX AND NEXT FRIEND AGAINST ALL INDIVIDUAL DEFENDANTS AND CMS)

29. Paragraphs 1 to 28 are restated as if more fully set forth herein.

30. The vulnerability of Thomas J. Burns to suicide constituted a serious medical need of which defendants knew or should have known, and the actions and/or inactions of defendants, under color of state law, in addressing or failing to address that need, constituted deliberate indifference which could be expected to lead to substantial and unnecessary suffering, injury, and/or death, and which did, in fact, lead to the death of Mr. Burns.

31. As a result of the wrongful actions of the Defendants, Mr. Burns suffered attendant physical injuries, mental anguish, pain and suffering, and death, and was deprived of his right to life and his right to be free from cruel and unusual punishment, for which Plaintiff Marjorie Lamb as Administratrix and next friend and individually now seeks compensation.

## COUNT II

**VIOLATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW,
42 U.S.C. § 1983 – FAILURE TO TRAIN AND/OR MAINTENANCE OF WRONGFUL
CUSTOMS, PRACTICES AND POLICIES AND/OR DENIAL OF LIFE AND LIBERTY
WITHOUT DUE PROCESS OF LAW AND CRUEL AND UNUSUAL PUNISHMENT
(BY MARJORIE LAMB AS ADMINISTRATRIX AND NEXT FRIEND AGAINST CMS
AS A PERSON AND AS A STATE ACTOR, AND AGAINST
INDIVIDUAL CMS DEFENDANTS)**

32.     Paragraphs 1-31 are restated as if more fully set forth herein.

33.     In performing its medical services for the DOC, CMS and the individual CMS Defendants were state actors performing state functions under color of state law.

34.     The death of Thomas Burns was the direct result of the customs, practices, policies and procedures of CMS and the individual CMS defendants, including but not limited to: a failure to properly train and supervise CMS personnel so as to properly recognize suicidal inmates and how to properly care for inmates identified as making previous attempts on their life, and/or a failure to institute appropriate procedures for the timely transmission of important medical information to appropriate personnel.

35.     The aforesaid actions of CMS and the individual CMS Defendants amounts to deliberate indifference to the rights of inmates, including the rights of Mr. Burns.

36.     As a result of the wrongful actions of the Defendants, Mr. Burns suffered attendant physical injuries, mental anguish, pain and suffering, and death, and was deprived of his right to life and his right to be free from cruel and unusual punishment, for which Plaintiff Marjorie Lamb as Administratrix and next friend now seeks compensation.

## COUNT III

**VIOLATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW, 42 U.S.C. § 1983 – FAILURE TO TRAIN AND/OR MAINTENANCE OF WRONGFUL CUSTOMS, PRACTICES AND POLICIES (BY MARJORIE LAMB AS ADMINISTRATRIX AND NEXT FRIEND AGAINST THE STATE OF DELAWARE DEPARTMENT OF CORRECTIONS AND THE INDIVIDUAL DEFENDANT EMPLOYEES OF THE DOC INCLUDING STANLEY TAYLOR AND RAPHAEL WILLIAMS)**

37. Paragraphs 1 to 36 are restated as if more fully set forth herein.

38. The death of Thomas J. Burns was the direct result of the customs, practices, policies and procedures of defendant Stanley Taylor, defendant Raphael Williams, the individual DOC defendants, and the defendant State of Delaware Department of Correction, including but not limited to: a failure to properly train and supervise DOC personnel so as to properly recognize suicidal inmates and how to properly care for inmates identified as having made previous attempts on their life, and/or a failure to institute appropriate policies and procedures for the timely transmission of important medical information to appropriate personnel and the failure to institute appropriate policies and procedures for the care and handling of suicidal inmates.

39. The aforesaid actions of Defendants constitute deliberate indifference to the rights of inmates who come into contact with employees of the DOC and CMS, including the rights of Mr. Burns.

40. As a direct and proximate result of the actions of the Defendants, Thomas J. Burns suffered attendant physical injuries, mental anguish, pain and suffering, and death, and was deprived of his right to life and his right to be free from cruel and unusual punishment, for which Plaintiff Marjorie Lamb as Administratrix now seeks compensation.

## COUNT IV

### WRONGFUL DEATH UNDER 10 DEL. C. § 3724 (BY MARJORIE LAMB AS ADMINISTRATRIX AND AS NEXT FRIEND, AGAINST CMS AND THE INDIVIDUAL DEFENDANTS)

41. Paragraphs 1-40 are restated as if more fully set forth herein.

42. The aforesaid actions of the Defendants caused the wrongful death of Thomas J. Burns.

43. Plaintiffs are authorized to recover for the damages they have suffered as a result of the wrongful death of Thomas J. Burns pursuant to the terms of 10 Del. C. § 3724, and they have suffered severe damages as identified thereunder, including but not limited to the loss of companionship and support of their husband and/or father, Thomas J. Burns, with attendant and severe emotional anguish.

## COUNT V

### SURVIVAL ACTION UNDER 10 DEL. C. § 3701 FOR MEDICAL MALPRACTICE (BY MARJORIE LAMB AS ADMINISTRATRIX AND NEXT FRIEND AGAINST CMS AND THE INDIVIDUAL CMS DEFENDANTS)

44. Paragraphs 1-43 are restated as if more fully set forth herein.

45. The aforesaid actions and inactions of the Defendants, and other actions and inactions, constituted medical malpractice, causing great pain and suffering, physical injury, and death to Thomas J. Burns.

46. Plaintiff Marjorie Lamb as Administratrix and next friend is authorized to recover for the damages suffered by Thomas J. Burns as a result of the medical malpractice of the Defendants, pursuant to 10 Del. C. § 3701.

**WHEREFORE,** Plaintiffs demand that judgment be entered in their favor against Defendants on the above claims, including awards of compensatory damages, punitive damages,

costs of suit, interest, attorneys' fees under 42 U.S.C. § 1988 and any other appropriate or relevant statutory or common law basis, and such other and further relief as this Court may deem appropriate.

By: /s/ Jeffrey K. Martin  #2407
Jeffrey K. Martin, Esq. (#2407)
Martin & Wilson, P.A.
1508 Pennsylvania Ave., Suite 1-C
Wilmington, Delaware 19806
(302) 777-4680
jmartin@martinandwilson.com

By: /s/ Herbert G. Feuerhake  #2590
Herbert G. Feuerhake, Esq. (#2590)
521 West Street
Wilmington, Delaware 19801
(302) 658-6101
herblaw@verizonmail.com

Attorneys for Plaintiffs

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIN ON THE REVERSE OF THE FORM).

## I. (a) PLAINTIFFS
Marjorie Lamb as next friend of A.B. and J.B. and R.B. and Marjorie Lamb as Administratrix of the Estate of Thomas Burns

(b) County of Residence for First Listed Plaintiff  New Castle County
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorneys (Firm Name, Address, and Telephone Number)
Jeffrey K. Martin, Esq.          Herbert G. Feuerhake, Esq.
Martin & Wilson, P.A.            521 West Street
1508 Pennsylvania Avenue         Wilmington, DE 19801
Wilmington, DE 19806             (302) 658-6101
(302) 777-4681                   herblaw@verizonmail.com
jmartin@martinandwilson.com

## DEFENDANTS
Stanley Taylor, Correctional Medical Services; Certain unknown individual employees of the State of Delaware Department of correction; Raphael Williams; Certain unknown individual employees of Correctional Medical Services; and State of Delaware Department of Correction

County of Residence of First Listed Defendant _____
(EXCEPT IN U.S. PLAINTIFF CASES)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportion-ment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | |
| | | | ☐ 690 Other | | |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth In Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| | | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ SSID Title XVI | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | **CIVIL RIGHTS** | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | |
| ☐ 196 Franchise | ☐ 441 Voting | | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 890 Other Statutory Actions |
| | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 891 Agricultural Acts |
| | ☐ 443 Housing/Accommodations | **PRISONER PETITIONS** | | | |
| **REAL PROPERTY** | ☐ 444 Welfare | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 445 Amer. w/ Disabilities - Employment | **Habeas Corpus:** | | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | | ☐ 530 General | | | |
| ☐ 230 Rent Lease & Ejection | ☐ 446 Amer. w/ Disabilities - Other | ☐ 535 Death Penalty | | | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | | ☐ 540 Mandamus & Other | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | | ☐ 950 Constitutionality |

| | | | | | Of State Statutes |
|---|---|---|---|---|---|

**V. ORIGIN** (Place an "X" in One Box only)

☐ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

| **VI. CAUSE OF ACTION** | Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**): 28 U.S.C. § 1983 |
|---|---|
| | Brief description of cause: |

| **VII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** money damages | CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See Instruction): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

DATE: 5/29/08       SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICIAL USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____