IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARJORIE LAMB as next friend of  :
A.B. and J.B. and R.B.; and MARJORIE LAMB  :
as Administratrix of the Estate of THOMAS  :
BURNS,  :
                                                                                            :
                           Plaintiffs  :  Civil Action No.: 08-CV-00324-GMS
        v.  :
                                                                             :  JURY TRIAL DEMANDED
CORRECTIONAL MEDICAL SERVICES,  :
INC., et al,  :
                            Defendants.

---

**DEFENDANT, CORRECTIONAL MEDICAL SERVICES, INC.'S
OPENING BRIEF IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

                                         Daniel A. Griffith, Esquire
                                         Attorney Bar ID No. 4209
                                         WHITEFORD TAYLOR &
                                         PRESTON, LLC
                                         1220 Market Street, Suite 608
                                         Wilmington, DE   19801
                                         (302) 482-8754
                                         Attorneys for Defendant,
                                         Correctional Medical Services, Inc.

Dated: July 25, 2008

## TABLE OF CONTENTS

I. NATURE AND STAGE OF PROCEEDINGS ................................................................ 1

II. SUMMARY OF ARGUMENT ....................................................................................... 1

III. CONCISE STATEMENT OF FACTS ............................................................................ 2

    A. As a State Actor Providing Medical Services While "Exercising Powers Conferred On (It) Under Color of the Laws of the State of Delaware", CMS Enjoys Absolute Immunity From Plaintiffs' Federal §1983 Claims And State Law Claims For Medical Negligence. ....................................................................................................................... 3

CONCLUSION ........................................................................................................................... 7

# TABLE OF CITATIONS

**Cases**

*Abraham v. State of Delaware Department of Corrections et al*, 2007 U.S. Dist. LEXIS 98411 (De. Del. 2007) .................................................................................................................. 4

*Abraham v. State of Delaware Department of Corrections, et al* ............................................... 5

*Castillo v. Costin, et al*, 2006 U.S. Dist. L.Ed. LEXIS 21992 (D. Del. 2006) ..................... 4, 6, 7

*Christopher v. Harbury,* 536 U.S. 403, 406 (2002) .................................................................... 2

*Hamilton et al v. Civigenics, et al*, 2005 U.S. Dist. LEXIS 2625 (D. Del. 2005) ..................... 3, 6

*Hamilton, Castillo and Abraham, supra.* ................................................................................... 7

*West v. Atkins*, 487 U.S. 42, 48-54, 101 L.Ed. 2d 40 108 Ct. 2250 (1988) ................................. 4

I. **NATURE AND STAGE OF PROCEEDINGS**

Plaintiff's decedent, Thomas Burns, was an inmate of the Howard R. Young Correctional Institution (HRYCI). Defendant/Movant, Correctional Medical Services, Inc. (CMS) provides health care services to the inmates at HRYCI pursuant to a contract between CMS and the State of Delaware Department of Corrections ("DOC").

Plaintiff's Complaint was filed on or about May 28, 2008. (D.I. 1, Exhibit "A".) According to the Complaint, on May 30, 2006, Mr. Burns took his own life while he was incarcerated and under defendants' supervision (Exhibit "A", paragraph 23 – 28). As against CMS, Plaintiff's Complaint is structured as follows: Plaintiff has pled two claims under 42 U.S.C. §1983 for CMS' alleged failure to provide constitutionally adequate medical care in violation of the Eighth Amendment to the United States Constitution, a third claim for wrongful death under Delaware state law, 10 Del.C. §3724, and a fourth claim styled as a survival action for medical malpractice under Delaware state law, 10 Del. C. §3701 et seq.

This is defendant, CMS' Motion to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

II. **SUMMARY OF ARGUMENT**

As correctly asserted by Plaintiffs, inasmuch as CMS was at all times providing medical services to Mr. Burns on behalf of the State of Delaware and pursuant to a contract with the State of Delaware, CMS was acting under color of state law. As such, according to a consistent body of case law from this Court, CMS is entitled to sovereign immunity to the same extent as the State of Delaware. More specifically, inasmuch as CMS' relationship with the State of Delaware compels the finding that CMS was acting under color of state law, CMS is immune from Plaintiff's 42 U.S.C. §1983 claims pursuant to the Eleventh Amendment of the United

States Constitution. CMS is similarly immune from Plaintiffs' state law claims for wrongful death and survival.

### III. CONCISE STATEMENT OF FACTS[1]

At all times relevant to this litigation, CMS was a corporation responsible for the performance of medical services within HRYCI pursuant to a contract with the State of Delaware (Exhibit "A", paragraph 8).

In their Complaint, the Plaintiffs have three discrete categories of claims against CMS arising out of the medical treatment provided to Mr. Burns by CMS as part of CMS' employment by the State of Delaware: the Plaintiffs have pled (1) a federal claim under 42 U.S.C. §1983 for cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution, (2) a federal claim under 42 U.S.C. §1983 for failure to train and/or maintenance of wrongful customs, practices and polices and/or denial of life and liberty without due process of law and cruel and unusual punishment, (3) a claim for wrongful death under 10 Del. C. §3724 and (4) a survival action for medical malpractice under 10 Del. C. §3701.

It is undisputed that, in providing medical treatment to the Mr. Burns pursuant to its contract with the State of Delaware, CMS was at all time a "state actor". (See Exhibit "A", paragraphs 30 and 33). In fact, Plaintiffs' Complaint relies upon this fact in alleging "Defendants were state actors performing state functions under color of state law". (Exhibit "A", paragraph 33.)

---

[1] For purposes of this application, since this Court must accept as true all well-pled factual allegations in Plaintiffs' Complaint and view them in a light most favorable to Plaintiff, ***Christopher v. Harbury,*** 536 U.S. 403, 406 (2002), this Concise Statement of Facts is drawn directly and exclusively from Plaintiffs' Complaint.

## IV. LEGAL ARGUMENT

A.     As a State Actor Providing Medical Services While "Exercising Powers Conferred On It Under Color of the Laws of the State of Delaware", CMS Enjoys Absolute Immunity From Plaintiffs' Federal §1983 Claims And State Law Claims For Medical Negligence.

The issues raised by Plaintiffs' Complaint (i.e., the liability to inmates of a medical provider retained by the State of Delaware) are well known to this Court. Consistently, this Court has held that a medical treatment provider retained on behalf of the State of Delaware to treat the State's inmates is immune from liability to the inmates under the Eleventh Amendment to the United States Constitution. The public policy underlying this rule of law is one of common sense: to the extent that the medical provider is deemed to be a "state actor" and to be "acting under color of state law" sufficient for inmates to *bring* §1983 claims against them, the state-retained medical providers similarly enjoy the "state actor's" *defenses* to such claims, including sovereign immunity under the Eleventh Amendment.

The issues raised by this motion are four-square with those addressed by this Court in **Hamilton et al v. Civigenics, et al**, 2005 U.S. Dist. LEXIS 2625 (D. Del. 2005). In **Hamilton**, an inmate filed an action under 42 U.S.C. §1983 on behalf of himself and allegedly similarly-situated inmates against, among other, Civigenics, a private entity which administered a drug rehabilitation program for incarcerated addicts through a contract with the State of Delaware. (In this respect, Civigenics' status is virtually identical to that of CMS in this case, inasmuch as CMS is a private company retained by contract with the State of Delaware to provide treatment to the state's inmates). In addressing Civigenics' entitlement to sovereign immunity, this Court, in language directly applicable to the claims against CMS in this litigation, held :

> First, Civigenics and its employees are state actors because
> they are employed by the State of Delaware to provide
> treatment to inmates and, therefore, acted under color of

> law for purposes of §1983 when undertaking their duties in treating the Plaintiffs' addictions. (See *West v. Atkins*, 487 U.S. 42, 48-54, 101 L.Ed. 2d 40 108 Ct. 2250 (1988) (holding that a physician who is under contract with the State to provide medical services to inmates at a state-prison hospital on part-time basis acts "under color of state law within the meaning of §1983). (See *Hamilton, et al v. Civigenics, et al*, attached as Exhibit "B", p. 6).

This Court therefore dismissed the §1983 claims against Civigenics, concluding that "as such Civigenics and its employees are state actors and have not waived sovereign immunity. Accordingly, the Court will dismiss these Plaintiffs' claims against these Defendants in their official capacities".[2] ***Ibid.***

This Court's application of sovereign immunity to claims against state-retained medical providers for inmates has been consistent since the ***Hamilton*** decision. For instance, in ***Castillo v. Costin, et al***, 2006 U.S. Dist. L.Ed. LEXIS 21992 (D. Del. 2006) (attached as Exhibit "C"), this Court held:

> ... Because (defendants) are employed by the State of Delaware to provide treatment to inmates they are state actors. As a result, for the purposes of §1983 (defendants act) under color of state law. (Citations omitted). This Court has previously determined that Civigenics, as a state actor, has not waived sovereign immunity to suits in federal court (Citations omitted). Accordingly, it is immune from suit under §1983. The claims against Civigenics, therefore, as dismissed. (See Exhibit "C", p. 2-3).

This Court reiterated these concepts just a few months ago in the matter of ***Abraham v. State of Delaware Department of Corrections et al***, 2007 U.S. Dist. LEXIS 98411 (D. Del. 2007) (attached as Exhibit "D"). In ***Abraham***, this Court first addressed the entitlement of the

---

[2] Inasmuch as this application is brought on behalf of CMS only, there is no need to discuss any distinction between individual versus official capacity.

State of Delaware Department of Corrections ("DOC") to immunity under the Eleventh Amendment:

> ... The DOC, an agency of the State of Delaware, is named as a defendant. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant". (Citations omitted). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. (Citations omitted). Hence, as an agency of the State of Delaware, the DOC is entitled to immunity under the Eleventh Amendment. (Citations omitted). (Exhibit "D", p. 3).

The Court next addressed the extent to which this sovereign immunity under the Eleventh Amendment extended to a medical provider retained under contract with the State of Delaware:

> Civigenics is also a named defendant. Civigenics and its employees are state actors because they are employed by the State of Delaware to provide treatment to inmates. As a result, for the purposes of §1983, Civigenics acts under color of state law. (Citations omitted). This Court has previously determined that Civigenics as a state actor, has not waived sovereign immunity to suits in federal court. (Citations omitted). Accordingly, it is immune from suit under §1983. (See Exhibit "D", p. 4).

The status of CMS in this litigation is so identical to that of Civigenics in these referenced cases that their names could almost be used interchangeably. Both provide medical services to inmates under contract with the State of Delaware. Civigenics' entitlement to Eleventh Amendment immunity was based upon its status as a state actor which, when providing medical treatment to inmates, acted under color of state law. *See **Abraham v. State of Delaware Department of Corrections, et al*** ("Civigenics and its employees are state actors because they are employed by the State of Delaware to provide treatment to inmates. As a result, for purposes of §1983 Civigenics acts under color of state law").

Here, the support for applying sovereign immunity under the Eleventh Amendment to CMS is even easier to find than in the cited decisions because *Plaintiffs have alleged in their Complaint all of the facts necessary to support such a finding.* Whereas the Plaintiff in *Hamilton* denied that the medical treatment provider was a state actor (See Exhibit "B", p. 6), Plaintiffs here specifically and unequivocally acknowledge and allege that CMS was a state actor, acting under color of state law while providing the medical treatment which is the subject of this litigation: "In performing its medical services for the DOC, CMS and the individual CMS Defendants were state actors performing state functions under color of state law". (See Exhibit "A", p. 33).

In addition, as this Court made clear in *Hamilton*, as a state actor providing medical services pursuant to a contract with the State of Delaware and therefore acting "under color of state law", CMS cannot be held liable for Plaintiffs' state law wrongful death and medical malpractice claims. The State of Delaware Tort Claims Act, 10 Del.C. §4001, et al., provides for certain exceptions to a state actor's immunity, none of which operate as a waiver of immunity for claims arising out of medical treatment to inmates. As this Court in *Hamilton* observed:

> Moreover, Civigenics and its employees have not waived sovereign immunity (under state law) because *Del. Code Ann. tit. 10 §4012(2)* and *Del. Code. Ann. Tit. 18 §6511* are inapplicable to these defendants. *Section 4012(2)* states that a governmental entity will be liable for negligent acts or omissions causing property damage, bodily injury, or death "in the construction, operation or maintenance of any public building or the appurtenances thereto …". Because Civigenics and its employees are not involved in the construction, operation or maintenance of (the Correctional Institution), this provision does not apply to them. Similarly, *Section 6511* has no relevance to this litigation. While *Section 6511* expressly consents to suits against the state in state court, the Delaware courts have held that *Section 6511* does not waive sovereign immunity to suits in federal court. (Citations omitted). (See Exhibit "B", p. 6).

6

In sum, CMS provided the medical treatment which is the subject of this litigation to the inmates under a contract with the State of Delaware. Case law has made clear, and Plaintiff has candidly alleged, that in this capacity, CMS was "exercising powers conferred on (it) under color of state law" (see Exhibit "A", p. 33). A consistent body of case law from this very Court has made abundantly clear that an entity providing medical treatment to inmates pursuant to a contract with the State of Delaware acts under color of the state law and is therefore entitled to sovereign immunity under the Eleventh Amendment as a matter of law. ***Hamilton, Castillo and Abraham, supra***.

## CONCLUSION

For all the foregoing reasons, it is respectfully requested that this Honorable Court dismiss Plaintiffs' claims as to Correctional Medical Services, Inc. with prejudice for failure to state a claim upon which can be granted.

                                                    WHITEFORD TAYLOR PRESTON, LLC

                                                    */s/ Daniel A. Griffith*
                                        Daniel A. Griffith, Esquire (No. 4209)
                                        1220 Market Street, Suite 608
                                        Wilmington, DE   19801
                                        (302) 482-8754

*1802864*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **MARJORIE LAMB as next friend of** : <br> **A.B. and J.B. and R.B.; and MARJORIE LAMB as** : <br> **Administratrix of the Estate of THOMAS BURNS,** : <br> : <br> **Plaintiffs** : <br> v. : <br> : <br> **CORRECTIONAL MEDICAL SERVICES, INC.,** : <br> **et al ,** : <br> : <br> **Defendants.** | Civil Action No.: 08-CV-00324 <br> GMS <br><br> **JURY TRIAL DEMANDED** |

**NOTICE OF SERVICE**

I, Daniel A. Griffith, Esquire hereby certifies that on this 25th day of July, 2008 a copy of the foregoing Defendant, Correctional Medical Services, Inc.'s Opening Brief in Support of Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) was electronically delivered via e-file to:

Jeffery K. Martin, Esquire
1508 Pennsylvania Ave.,
Suite 1-C
Wilmington, DE 19806

Herbert G. Feuerhake, Esquire
521 West Street
Wilmington, DE 19801

/s/ Daniel A. Griffith
Daniel A. Griffith, Esquire