IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARJORIE LAMB as next friend of A. B. and J. B. and R. B; and MARJORIE LAMB as Administratrix of the Estate of THOMAS BURNS, Plaintiffs, | ) ) ) ) ) ) ) | |
| v. | ) ) | C. A. No. 08-CV-00324-GMS |
| STANLEY TAYLOR; CORRECTIONAL MEDICAL SERVICES; CERTAIN UNKNOWN INDIVIDUAL EMPLOYEES OF THE STATE OF DELAWARE DEPARTMENT OF CORRECTION; RAPHAEL WILLIAMS; CERTAIN UNKNOWN INDIVIDUAL EMPLOYEES OF CORRECTIONAL MEDICAL SERVICES; and STATE OF DELAWARE DEPARTMENT OF CORRECTION, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION
TO
MOTION TO DISMISS
OF DEFENDANT
<u>CORRECTIONAL MEDICAL SERVICES, INC.</u>**

| | |
|---|---|
| Jeffrey K. Martin, Esq. (#2407) Martin & Wilson, P.A. 1508 Pennsylvania Ave. Suite 1-C Wilmington, Delaware 19806 (302) 777-4681 jmartin@martinandwilson.com | Herbert G. Feuerhake, Esq. (#2590) The Law Office of Herbert G. Feuerhake, P.A. 521 West Street Wilmington, DE 19801 (302) 658-6101 herblaw@verizonmail.com |

DATED:  August 11, 2008

# **TABLE OF CONTENTS**

| | |
|---|---|
| Table of Authorities | Page ii |
| Nature and Stage of the Proceedings | Page 1 |
| Summary of Argument | Page 1 |
| Statement of Facts | Page 1 |
| Argument | Page 2 |
|     I. CMS, Inc. can be a state actor and yet outside the protections of sovereign immunity | Page 2 |
| Conclusion | Page 5 |
| Certificate of Service | Page 6 |

# TABLE OF AUTHORITIES

## Cases

### *U.S. Supreme Court*

West v. Atkins, 487 U.S. 42, 108 S. Ct. 2250, 101 L.Ed.2d 40 (1988)
. . . Page 4

### *Courts of Appeal*

Fitchik v. New Jersey Transit Rail Operations, 873 F.2d 655, 658 (3rd Cir. 1989)
. . . Page 3

### *District Courts*

Riley v. Delaware River and Bay Authority, 457 F. Supp.2d 505 (D.Del. 2006)
. . . Page 2, 3, 4

## Statutes

| | |
|---|---|
| 42 U.S.C. § 1981 | Page 2, 3, |
| 42 U.S.C. § 1983 | Page 2, 3, 4 |
| Eleventh Amendment | Page 2, 3, 4 |

## NATURE AND STAGE OF THE PROCEEDING

The Defendant Correctional Medical Services, Inc. (hereinafter "CMS, Inc.") has brought a Motion to Dismiss (D.I. #3) the recently-filed Complaint in this matter. This is the Answering Brief of Plaintiffs.

## SUMMARY OF ARGUMENT

The Defendant CMS, Inc. can be a state actor for purposes of 42 U.S.C. §1983 liability and yet remain outside the "sovereign immunity" protections afforded to States by the Eleventh Amendment to the federal Constitution, and hence this suit should proceed against CMS, Inc.

## STATEMENT OF FACTS

Plaintiff Marjorie Lamb as next friend to her children and as administratrix of the estate of Thomas Burns seeks recovery for, inter alia, violation of the civil rights of Thomas Burns. Mr. Burns was an inmate in a Delaware prison who committed suicide shortly after his incarceration on or about May 30, 2006.

Among the defendants named in the Complaint was Defendant CMS, Inc. The claims against CMS, Inc. include violation of civil rights under 42 U.S.C.§1983, including cruel and unusual punishment prohibited by the Eighth Amendment, maintenance of wrongful practices, customs, and policies in violation of 42 U.S.C. §1983, wrongful death under 10 Del. C. §3724, and a survival action under 10 Del. C. §3701 for medical malpractice.

1

For the purposes of this Motion to Dismiss, we submit that the facts as alleged in the Complaint are to be taken as true and viewed in the light most favorable to Plaintiffs. To summarize, Plaintiffs assert that decedent Thomas Burns was readily identifiable as exhibiting psychiatric problems and vulnerability to suicide, and yet defendants (including CMS, Inc.) failed to engage in appropriate conduct or maintain appropriate customs, policies, and training which should have and would have prevented Mr. Burns's suffering and suicide.

**ARGUMENT**

   **I.   CMS, Inc. can be a state actor and yet outside the protections of sovereign immunity**

The issue on this Motion to Dismiss is a simple one: we must determine whether an entity can be a state actor for the purpose of the application of the civil rights laws, and yet simultaneously *outside* the protection of sovereign immunity afforded to states and state agencies by the Eleventh Amendment to the federal Constitution.

The answer to that question is yes. The analysis applicable to the first question, i.e. whether an entity is a "state actor," differs from the analysis applicable to the second question, i.e. sovereign immunity. The difference between the two standards is demonstrated by the opinion of this Court in the case of Riley v. Delaware River and Bay Authority, 457 F. Supp.2d 505 (D.Del. 2006). In that case, plaintiff had brought a multi-count lawsuit against the defendant Delaware River and Bay Authority (hereinafter "DRBA"), alleging, inter alia, discrimination in employment and a hostile work environment, as well as claims under 42 U.S.C. §1981 and §1983. Defendant DRBA was clearly viewed as a state actor therein. In particular, the discussion regarding "state actors" in Section "B1" of the opinion (457 F.Supp.2d at page 512) flows out of

the notion that the DRBA is indeed a state actor, posing the question whether 42 U.S.C. §1981 is applicable to such a state actor.[1]

Having accepted that the DRBA was a state actor, the opinion then turned to the entirely separate issue of sovereign immunity under the Eleventh Amendment. The opinion begins by noting that the "Delaware-New Jersey compact which created the DRBA states that the DRBA is an agency of both Delaware and New Jersey," 457 F.Supp.2d 513. While further noting that a state agency is entitled to immunity from suit in a federal court under the eleventh amendment when a judgment against it would have had essentially the same consequences as a judgment against the state itself, the opinion nevertheless held that the issue of sovereign immunity was not resolved by the language of the compact, but rather "the inquiry must focus on whether the agency is in effect the alter ego of the state," 457 F.Supp.2d at 513-514. The Court relies on three factors taken from existing Third Circuit precedent,[2] which are used to guide a court in determining whether an agency is entitled to state immunity: (1) whether the money that would pay the judgment would come from the state; (2) the status of the agency under state law; and (3) what degree of autonomy the agency has.

Interestingly, in applying these factors to the analysis of state actor DRBA (an entity, it must be emphasized, that was purely the creation of state legislative action), the opinion in Riley v. Delaware River and Bay Authority holds that the DRBA was *not* entitled to sovereign immunity. The opinion relies upon several grounds for this holding, including the fact that the state treasuries were not responsible for judgments against the DRBA, that the DRBA had the

---

[1] See in particular footnote 7 (457 F.Supp.2d at 512), which indicates that defendant did not include in its motion an attack on plaintiff's §1983 claims; we can surmise that this omission occurred because, the issue of "state actor" being a foregone conclusion, the §1983 claims were not attackable on a motion to dismiss but would have to await the development of an evidentiary record and a later motion for summary judgment.
[2] Fitchik v. New Jersey Transit Rail Operations, 873 F.2d 655, 658 (3rd Cir. 1989).

3

capacity to raise its own revenue, and the DRBA had significant autonomy to manage its own affairs.

The Defendant CMS, Inc. in the instant matter is not a creation of a state legislature; it is an independent, outside company, presumably with the capacity to hire and fire, enter into contracts, etc. The most important circumstance for us to note herein is that, at the Motion to Dismiss stage, we have not yet had the recourse to discovery that will presumably ferret out the true status of CMS, Inc. Noting that "the purpose of the Eleventh Amendment is to prevent states from paying judgments out of their treasuries," 457 F.Supp.2d at 514-515, the court in Riley v. Delaware River and Bay Authority found that the agency therein was not the alter ego of the state, and not entitled to sovereign immunity. The plaintiffs herein must be afforded the opportunity to determine whether CMS, Inc. is the alter ego of the state, or is sufficiently independent as to stand outside the protections of Eleventh Amendment sovereign immunity (a result, we would submit, that is more likely given the fact that CMS, Inc. is not an agency but rather an independent organization fully in charge of its own affairs).

The Supreme Court case of West v. Atkins, 487 U.S. 42, 108 S. Ct. 2250, 101 L.Ed.2d 40 (1988) does not compel a different result. That case merely found that a physician acting on behalf of the state was a *state actor*; the issue of sovereign immunity was not addressed. We concede, indeed we insist, that CMS, Inc. was a state actor subject to 42 U.S.C. §1983; but again, the issue of sovereign immunity is a wholly separate determination.

Finally, it is worth noting that, for purposes of analysis under 42 U.S.C. §1983, a business entity such as CMS, Inc. can be a "person" subject to statutory liability. Indeed, cases in this District Court have proceeded against CMS, Inc. under §1983, see for example Price v. Correctional Medical Services, Inc., 493 F.Supp.2d 740 (D.Del. 2007).

**CONCLUSION**

For all of the reasons set forth herein, it is respectfully submitted that the Motion to Dismiss (D.I. #3) filed by Defendant Correctional Medical Services, Inc. should be DENIED.

DATE: August 11, 2008					THE PLAINTIFFS

							By:	_s/Jeffrey K. Martin_____
								Jeffrey K. Martin, Esq. (#2407)
								Martin & Wilson, P.A.
								1508 Pennsylvania Ave.
								Suite 1-C
								Wilmington, Delaware 19806
								(302) 777-4681
								jmartin@martinandwilson.com


							By:	____s/Herbert G. Feuerhake_____
								Herbert G. Feuerhake, Esq. (#2590)
								521 West Street
								Wilmington, Delaware 19801
								(302) 658-6101
								herblaw@verizonmail.com

## Certificate of Service

I hereby certify that I have caused the foregoing ***Plaintiffs' Answering Brief In Opposition To Motion To Dismiss Of Defendant Correctional Medical Services, Inc.*** to be electronically filed on August 11, 2008, and thereby served electronically upon counsel of record.

_____/s/ Herbert G. Feuerhake_____
Herbert G. Feuerhake, Esq.