IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARJORIE LAMB,                              )
                                           )
                Plaintiff,                  )
                                           )
                                           )        C. A. No. 08-324 GMS
                                           )
STANLEY W. TAYLOR, JR. et al.,             )
                                           )
                Defendants.                 )

## MEMORANDUM

### I.    INTRODUCTION

The plaintiff, Marjorie Lamb, as next friend to her children and administratrix of Thomas

Burns' ("Mr. Burns") estate, seeks recovery for alleged violations of Mr. Burns' civil rights while

he was incarcerated at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington,

Delaware. On May 29, 2008, the plaintiff filed a complaint against the former Commissioner of the

Delaware Department of Corrections (the "DDOC"); the former Warden of HRYCI; the DDOC;

unknown individual employees of the DDOC; Correctional Medical Services, Inc. ("CMS"); and

unknown individual employees of CMS (collectively, the "defendants"). The plaintiff's federal

claims arise under 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution.

The plaintiff also alleges state claims for wrongful death pursuant to 10 Del. C. § 3724 and a survival

action for medical malpractice pursuant to 10 Del. C. § 3701.

Presently before the court is CMS' motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6). After having considered the facts, the law, and the submissions of the parties,

the court concludes that CMS does not enjoy immunity under the Eleventh Amendment, because it

has failed to demonstrate that it is "an arm of the state." As such, CMS may be held liable in 42

U.S.C. § 1983, and/or state law wrongful death and survival actions.

## II.    FACTS

The following facts are taken from the plaintiff's complaint and presumed true for purposes of CMS' motion to dismiss. Sometime prior to May 2006, Mr. Burns was found guilty of forging State of Delaware Family Court documents and ordered to report for sentencing. Mr. Burns failed to appear for sentencing, and a warrant was issued for his arrest. In late May 2006, when it became apparent to him that he was about to be arrested, Mr. Burns attempted suicide with pills and alcohol. Mr. Burns was taken to Christiana Care Hospital in Delaware to recover from the apparent suicide attempt. The police became aware of his presence in Christiana Hospital and took him into custody upon his discharge from the hospital. Mr. Burns was housed at HRYCI and initially placed on suicide watch, as the DDOC officials and CMS were aware of his psychiatric problems and attempted suicide. At some point, Mr. Burns was removed from the suicide watch and placed on a less restrictive watch, where he was provided bed sheets. Shortly before 5:00 a.m., on May 30, 2006, Mr. Burns hanged himself in his cell.

As a result of the foregoing conduct, the plaintiff filed a complaint against, among others, CMS and certain unknown employees. (D.I. 1.) On July 25, 2008, CMS filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 8.)

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint if it fails to "state a claim upon which relief can be granted." In deciding a Rule 12(b)(6) motion, the court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89 (2007). A complaint does not need

detailed factual allegations, but it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964 (interpreting Fed. R. Civ. P. 8(a)) (internal quotations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 1959.

## IV.   DISCUSSION

### A.   Sovereign Immunity

CMS moves to dismiss the plaintiff's claims on the basis that CMS is immune from both state and federal claims pursuant to the Eleventh Amendment. The Eleventh Amendment shields States and arms of the state from suits by individuals absent their consent. *See Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996).

Municipalities and other local government units are "persons" subject to § 1983 liability provided they are "not considered part of the State for Eleventh Amendment purposes." *Monell v. New York City Dept. of Soc. Services*, 436 U.S. 658, 690 n. 54 (1978). A State and its officials, however, are not "persons" under § 1983 when they are acting in their official capacities. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). This grant of immunity is limited to States or governmental entities that are considered "arms of the state entitled to Eleventh Amendment purposes." *Id.* at 70. The Third Circuit has recognized several factors that courts must consider when determining whether an entity is "an arm of the state" entitled to Eleventh Amendment

3

immunity. The most important of these factors is whether "any judgment [against the entity] would be paid from the state treasury." *See Indep. Enters. Inc. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165, 1173 (3d Cir. 1997) (citations omitted). Other factors considered are the degree of autonomy the agency has and the status of the agency under state law. *Id.* These factors look at issues such as whether the entity is separately incorporated, can be sued in its own right, or is immune from State taxation. *Id.* (citations omitted).

It is under this framework that CMS' Eleventh Amendment immunity claims must be evaluated. Because CMS is the party asserting immunity, it bears the burden of production and persuasion. *See Febres v. Camden Bd. of Educ.*, 445 F.3d 227, 229 (3d Cir. 2006) (citation omitted). There is no indication that any court has recognized CMS as an "arm of the state" for Eleventh Amendment purposes. Likewise, CMS has neither asserted nor demonstrated that "any judgment [against it] would be paid from the state treasury." *See Indep. Enters.*, 103 F.2d at 1173. Moreover, CMS is a corporate entity, and there is no indication that CMS is immune from State taxation or that CMS does not act autonomously. *See id.* CMS has provided no evidence or argument that would meet its burden to establish that it is an "arm of the state" entitled to immunity from § 1983 liability.

In arguing that it enjoys Eleventh Amendment immunity, CMS relies on three cases where the court held that another entity, Civigenics, was a state actor for Eleventh Amendment purposes. *See Abraham v. State of Delaware Dep't of Corr.*, Civil Action No. 07-593 LPS, 2007 WL 4292121, at * 4 (D. Del. Dec. 4, 2007); *Castillo v. Costan*, Civ. No. 04-210-GMS, 2006 WL 891141, at * 3 (D. Del. Mar. 31, 2006); *Hamilton v. Civigenics*, Civ. No. 03-826-GMS, 2005 WL 418023, at * 4 (D. Del. Feb. 22, 2005). It is true that the court's rationale in these cases was that "Civigenics and its employees are state actors because they are employed by the State of Delaware to provide medical

4

treatment of inmates and, therefore, acted under color of law for purposes of §1983 when undertaking their duties in treating the plaintiffs' addictions." *Hamilton*, 2005 WL 418023 at \*4 (cited by *Castillo* and *Abraham*). In *Hamilton*, the court relied on the Supreme Court's decision in *West v. Atkins*, 487 U.S. 42 (1988). There, the Court held that a physician employed directly by the state who provides medical services to prison inmates at a state prison hospital "act[s] under color of law for purposes of § 1983 when undertaking his duties in treating [the plaintiff's] injury." Id. at 54. *West* was a suit against a doctor providing medical services to inmates at a state-run hospital. It did not, however, involve a §1983 claim against a medical service corporation itself or a sovereign immunity defense. Furthermore, in *West*, there was a direct nexus between the defendant physician and the State, for whom he was employed. There is no such alleged connection in the present case.

In sum, to state a claim under § 1983, a plaintiff must allege the violation of a Constitutional right and must show that the alleged violation was committed by a person acting under color of state law. *Id.* at 48 (citations omitted). A corporation under contract with the state can be considered a "person" subject to § 1983 liability so long as it is not considered an "arm of the state" for Eleventh Amendment purposes.[1] *See Monell*, 436 U.S. at 690 n.54. In Hamilton, *Castillo*, and *Abraham*, the court did not consider whether Civigenics was an "arm of the state" pursuant to the Third Circuit's decision in *Independent Enterprises*. Instead, the court, relying on *West*, found that Civigenics was a state actor and, based on that finding, succinctly declared that Civigenics was immune from § 1983 suit. *See Hamilton*, 2005 WL 418023 at \* 5 (dismissing official capacity claims against Civigenics, as well as its employees) (citing *West*, 487 U.S. at 48-54)). For these reasons, the court finds

---

[1] CMS' brief seems to confuse the terms "state actor" and "arm of the state." As discussed above, however, an entity that is not an arm of the state – here, CMS – can be a state actor for purposes of § 1983.

*Hamilton, Castillo,* and *Abraham* unpersuasive in the context of this case. Given the foregoing, the court concludes that CMS is not entitled to sovereign immunity.

### B.    Policy or Custom

The plaintiff seeks to hold CMS liable for the acts of its unknown individual employees, under the theory of respondeat superior. Respondeat superior cannot be a basis for § 1983 liability. Thus, a corporation under contract with the state cannot be held liable for the acts of its employees or agents under this theory. *See Natale v. Camden County Corr. Facility,* 318 F.3d 575, 583 (3d Cir. 2003). CMS, however, can be considered directly liable for the acts of an employee if those acts are deemed the result of a policy or custom of CMS, where the inadequacy of an existing practice is so likely to result in the violation of constitutional rights that CMS can reasonably be said to have been deliberately indifferent to the plaintiffs' serious medical needs. *See id.* at 584 (citations omitted). "Policy is made when a decision-maker possess[ing] final authority to establish . . . policy with respect to the action issues an official proclamation, policy, or edict." *Miller v. Corr. Med. Sys., Inc.,* 802 F. Supp. 1126, 1132 (D. Del. 1992) (internal quotation marks omitted) (quoting *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1480 (3d Cir. 1990)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Miller,* 802 F. Supp. at 1132. (citing *Andrews,* 895 F.2d at 1480; *Fletcher v. O'Donnell,* 867 F.2d 791, 793-94 (3d Cir. 1989)).

In the present case, the plaintiff's complaint correctly alleges that CMS may be held liable for the constitutional torts of its employees if a custom or policy of CMS results in deliberate indifference to their serious medical needs. (D.I. 1 ¶¶ 34-35.) The plaintiff further alleges that Mr. Burns' death was the "direct result of the customs, practices, policies, and procedures of CMS and

the individual CMS defendants, including but not limited to: a failure to properly train and supervise CMS personnel so as to properly recognize suicidal inmates and how to properly care for inmates identified as making previous attempts on their li[ves], and/or a failure to institute appropriate procedures for the timely transmission of important medical information to appropriate personnel." (Id. ¶ 34.) These allegations properly state an actionable § 1983 claim against CMS. As such, the court will deny CMS' motion to dismiss.

### C. State Law Claims

CMS argues that the state law wrongful death and survival/medical negligence claims should be dismissed because it enjoys immunity under the Eleventh Amendment. CMS provides no other rationale for dismissing the plaintiff's state law claims. As previously discussed, CMS has not demonstrated that it is an arm of the state. Therefore, CMS is not immune from suit under the State of Delaware Tort Claims Act, 18 Del. C. § 6801 et seq, and the court will deny its motion.[2]

Dated: March 3l , 2009

CHIEF, UNITED STATES DISTRICT JUDGE

_____

[2] [10 Del. C. § 4010 provides] no reference to immunity for individual entities performing traditional governmental functions through independent contractual relationships and there is absolutely nothing to suggest the General Assembly ever intended to extend this immunity beyond the limited classification of state employees or those serving on government boards. This is not only logical but practical since to interpret otherwise would open the door to allow every independent entity, who performs some work for a government agency, to a claim that it is somehow encompassed within th[e] statute and the immunities that flow from it.

*Syvy v. Landmark Eng'g, Inc.*, Civ. No. 02C-02-060 WCC, 2005 WL 791391, at * 1 (Del. Super. Mar. 31, 2005).

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MARJORIE LAMB,                          )
                                        )
            Plaintiffs,                 )
                                        )
                                        )     C. A. No. 08-324 GMS
                                        )
STANLEY W. TAYLOR, JR. et al.,          )
                                        )
            Defendants.                 )

## ORDER

     For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY

ORDERED that:

    1.    CMS' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.I.

        3) is DENIED.


Dated: March 31__, 2009

                        CHIEF, UNITED STATES DISTRICT JUDGE